NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LUIGI CALASURDI, PETITIONER, v. LETTIERI & BELLIZZA, INCORPORATED, RESPONDENT.

**Injury to Head of Employe Through the Fall of a Derrick—Extent of Injury in Question—Doctors Examined, and Temporary and Twenty Per Cent. Permanent Disability Allowed.**

On stipulation, determination and rule for judgment.

For the petitioner, *Samuel Greenstone.*

For the respondent, *McDermott, Enright & Carpenter.*

1. On or about July 7th, 1926, the petitioner, Luigi Calasurdi was employed by Lettieri & Bellizza as a laborer at Jersey City, New Jersey, and on or about the day in question the petitioner sustained an injury from an accident arising out of and in the course of the employment, when a derrick used in hoisting rock from a trench fell into the trench, striking the petitioner on the head. The accident and employment are admitted by the respondent.

2. At the time of said accident, the petitioner was receiving wages of $36 per week.

It is claimed by the petitioner, as set forth in his petition, that he sustained a concussion of the brain, and that at the time of the filing of said petition, March 11th, 1927, had not been able to return to work.

It is contended by the respondent, as set forth in the answer, that the temporary disability ceased on or about November 22d, 1926, and that the petitioner was not suffering from any permanent disability.

3. The only question involved being the question as to whether the petitioner was disabled, and if so, the extent of his disability. The doctors of the respective parties agreed to compromise upon temporary disability for a total of twenty-five weeks and twenty per cent. of total disability.

The testimony of Dr. William J. Arlitz was introduced. He testified that the petitioner had sustained an injury to the parietal region; that he had examined the X-rays and was not convinced that there was a fracture; that the man had made a good recovery and that in his opinion twenty-five weeks' temporary and twenty per cent. of total was a very fair compromise to the petitioner. Dr. Robert F. Sheehan, of New York City, a neurologist, testified that he examined the petitioner thoroughly on December 29th, 1926; that there was no external evidence of any injury except a one-inch linear scar of the scalp, three-quarters of an inch above the upper margin of the left ear, a scar across the top of the left ear, a small scar behind the right ear and three scars over the upper part of the left scapula. He testified that there were no neurological symptoms at that time; that the man had made a very good recovery; that he examined the X-ray films before taking the stand and that he was not convinced that there was any evidence of a fracture. He testified that in his opinion the man was not exactly suffering any permanent disability and that if twenty per cent. permanent was paid, it would be purely on a compromised basis and a very liberal settlement for the petitioner. Dr. Andrew C. Ruoff and Dr. Wallace Hurff both testified that they had examined the petitioner and that in their opinion the settlement proposed was a very fair one.

4. In view of this testimony, I find the petitioner is entitled to temporary disability from the date of said accident, July 7th, 1926, for a period of twenty-five weeks, less three weeks heretofore paid by the respondent, and that he is en-

titled to compensation for permanent disability on the basis of twenty per cent. of total or one hundred weeks at the rate of $17 per week.

It is therefore, on this 17th day of June, 1927, on motion of Samuel Greenstone, attorney for petitioner, ordered that judgment be entered in favor of the petitioner and against the respondent for compensation for temporary disability of twenty-five weeks, less three weeks heretofore paid, or a total of twenty-two weeks at $17 per week, and permanent compensation for twenty per cent. of total, or one hundred weeks at $17 per week.

It is further ordered that the respondent pay the doctors for the petitioner, Dr. A. C. Ruoff the sum of $50 and Dr. Wallace Hurff the sum of $50.

It is further ordered that the respondent pay the petitioner's hospital bills at the Jersey City Hospital, amounting to $77.

It is further ordered that the attorney for the petitioner receive as compensation a fee of $300, of which the petitioner is to pay $100 and the respondent $200.

<div align="right">

CHARLES E. CORBIN,
*Deputy Commissioner.*